# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Patricia Salmons,**
**Plaintiff Below, Petitioner**

**vs)  No. 12-0891** (Wayne County 11-C-204)

**State Farm Mutual Automobile Insurance**
**Company and Christi Miller,**
**Defendants Below, Respondents**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Patricia Salmons, by counsel J. Michael Ranson and Cynthia M. Ranson, appeals two Circuit Court of Wayne County's orders granting judgment on the pleadings entered on June 28, 2012. Respondents State Farm Mutual Automobile Insurance Company and Christi Miller, by counsel, R. Carter Elkins and Laura L. Gray, argue in support of the orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 10, 2011, tortfeasor Lilly Perry was operating her vehicle when she lost control and struck a parked car owned by petitioner. Petitioner's car was severely damaged and rendered inoperative. Both petitioner and Ms. Perry had automobile insurance coverage from Respondent State Farm. Petitioner telephoned her insurance agent to report the accident and the condition of her car.

Petitioner asserts that Respondent State Farm and its claims representative, Respondent Christi Miller, failed to properly handle her claim and pay for the damage to her car, for her loss of use of the car, and related damages. On September 28, 2011, petitioner filed suit against Ms. Perry's Estate[1], State Farm, and Ms. Miller. The Estate filed an answer admitting liability for the collision. In November of 2011 and March of 2012, petitioner and respondents settled petitioner's claims against the Perry Estate for property damage, loss of use, aggravation and inconvenience, and prejudgment interest.

In the remaining counts of her lawsuit, petitioner asserted that Respondents State Farm and Ms. Miller committed first-party common law bad faith and violated the Unfair Trade

---

[1] Lilly Perry unexpectedly died sometime after this collision.

1

Practices Act ("UTPA") in the handling of her insurance claim. In two orders entered on June 28, 2012, the circuit court granted judgment on the pleadings in favor of respondents. The circuit court concluded that petitioner was a third-party claimant, not a first-party claimant, and therefore she could not sue for bad faith. Pursuant to *Elmore v. State Farm Mutual Automobile Insurance Company*, 202 W.Va. 430, 504 S.E.2d 893 (1998), a third-party claimant has no cause of action in West Virginia against an insurance carrier for common law bad faith. Pursuant to West Virginia Code § 33-11-4a, a third-party claimant may not bring a private cause of action for an alleged unfair claims settlement practice in violation of the UTPA.

The circuit court's judgment orders were entered pursuant to Rule 12(c) of the West Virginia Rule of Civil Procedure, to which we apply a de novo standard of review. "Appellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. Pt. 1, *Copley v. Mingo County Bd. of Educ.*, 195 W.Va. 480, 466 S.E.2d 139 (1995).

Petitioner asserts that the circuit court erred in concluding that she was not a first-party claimant. She argues that because she was also insured by State Farm under her own automobile policy, her first-party rights attached as soon as she reported her loss to her insurance agent. She argues that she was asserting a right to payment under her own policy for the occurrence of the total loss of her covered automobile, thus she satisfies the definition of first-party claimant or insured. "'First-party claimant' or 'Insured' means an individual, corporation, association, partnership or other legal entity asserting a right to payment under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such policy or contract." W.Va. Code R. § 114-14-2. Also, "[a] first-party bad faith action is one wherein the insured sues his/her own insurer for failing to use good faith in settling a claim filed by the insured." Syl. Pt. 2, *Loudin v. National Liability Fire Insurance Company*, 228 W.Va. 34, 716 S.E.2d 696 (2011).

We disagree with petitioner's argument. It is undisputed that petitioner's car was legally parked when it was struck by Ms. Perry's vehicle. Ms. Perry was the sole, at-fault tortfeasor. As such, Ms. Perry was liable for petitioner's damages. By virtue of the automobile insurance policy it had issued to Ms. Perry, State Farm owed a contractual duty to Ms. Perry to pay for the damages she caused in this matter. The definition of "third-party claimant" is "any individual . . . asserting a claim against any individual . . . or other legal entity insured under an insurance policy or insurance contract for the claim in question." W.Va. Code § 33-11-4a(j)(1); *accord* W.Va. Code R. § 114-14-2.8. Petitioner is an individual who was asserting a claim against another individual or other legal entity, i.e., Ms. Perry and her Estate, and Ms. Perry was insured under an insurance policy for the claim in question. Thus, when seeking payment for her damages, petitioner satisfied the definition of third-party claimant.[2]

---

[2] In her "Petitioner's Brief" to this Court, petitioner admits that when speaking with Respondent Miller, petitioner "declined to make a claim under her own insurance policy for fear that it would cause her own insurance premiums to increase and . . . [because] she lacked the means to pay the required deductible." This admission is outside of the pleadings reviewed by the circuit court and is therefore not the basis for our affirmance. However, that fact that petitioner expressly declined to make a claim under her own policy certainly supports the circuit court's conclusion, and our de novo conclusion, that she was not a first-party claimant.

In *Loudin*, we discussed that a claimant can sometimes have characteristics of both a first-party and third-party claimant. *Id.* at 40, 716 S.E.2d at 701. However, the facts of petitioner's case are different from those in *Loudin*. In *Loudin*, a named policyholder was in the unique situation of making a liability claim under his own automobile policy because he was struck and injured by his own vehicle as it was being operated by someone else. We determined that as the policyholder who had purchased and paid premiums for this insurance policy, Mr. Loudin had characteristics of both a third-party and first-party claimant, thus he could also pursue a first-party bad faith case against his own insurer for the way it handled the claim made under his own policy.

To the contrary, petitioner was not a party to the insurance contract under which her claim was made and payable. Simply because petitioner and the tortfeasor are coincidently insured by the same insurance company, does not make petitioner a first-party claimant as that term is defined in our law with regard to this particular claim. Under the facts of this case, petitioner does not have characteristics of a first-party claimant.

We certainly do not condone the mishandling of insurance claims. However, as petitioner is not a first-party claimant, under the law of this State she cannot pursue a private action for either common law bad faith or violation of the Unfair Trade Practices Act.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II